

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Claude Isbell
Secretary of State
Austin, Texas

Dear Sir:

Attention: Mr. J. L. McGarity

Opinion No. O-6845

Re: Whether the Secretary of
State should accept for
registration a toy design
used for advertising pur-
poses.

In your letter of September 19, 1945, you state that there was presented to you on June 8, 1945, a certain "toy design", accompanied by an application for registration as a trade-mark under the provisions of Articles 843-851, inclusive, Revised Civil Statutes, 1925. You further state that on June 14, 1945, you returned said application, refusing to file the same and expressing the opinion that such "toy design" was not subject to registration. Inasmuch as such application and "toy design" have been returned to you for filing, you request our opinion, asking the following questions:

"1.    Should the Secretary of State file the ap-
plication in question in its present form?

"2.    Can the application be so amended as to make
it subject to being filed?"

It is noted that the article involved in your inquiry and submitted with a photostatic copy of the owner's appli-cation for its registration is so constructed that it has as its base two narrow strips of wood material painted green. Colored figures of two men standing opposite each other in boxing attire are so fixed to the wooden strips that when the end of each strip is pulled in opposite directions, back and forth, the arms of the boxing figures, loosely fastened, fly out at each other. The name S-D-M Mfg. Co.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

appears on each side of the boxing figures. The name of a company with the words "Pat. Applied For" appears on one side and such company's apparent business "Toyland" appears on the other side of the base or wooden strips. The application refers to the article as "a toy design" and the applicant makes affidavit that such has been used by applicant since January 1, 1940.

Art. 851, R. C. S., 1925, provides:

"Every person, association or union of workingmen, incorporated or unincorporated, that has heretofore or shall hereafter adopt a label, trade mark, design, device, imprint or form of advertisement, shall file the same in the office of the Secretary of State by leaving two facsimile copies, with the Secretary of State, and said Secretary shall return to such person, association or union so filing the same, one of said facsimile copies along with and attached to a duly attested certificate of the filing of same, for which he shall receive a fee of one dollar. Such certificate of filing shall in all suits and prosecutions under this chapter be sufficient proof of the adoption of such label, trade mark, design, device, imprint or form of advertisement, and of the right of such person, association or union to adopt the same. No label, trade mark, design, device, imprint or form of advertisement shall be filed as aforesaid that would probably be mistaken for a label, trade mark, design, device, imprint or form of advertisement already of record. No person, or association shall be permitted to register as a label, trade mark, design, device, imprint or form of advertisement any emblem, design or resemblance thereto that has been adopted or used by any charitable, benevolent or religious society or association, without their consent."

The term "trade mark" is defined in Corpus Juris as a name, sign, symbol or device which is attached to goods offered for sale in the market so as to distinguish them from similar goods, and to identify them with a particular trader, or with his successors, as owners of a particular business, as being made, worked on, imported, selected, certified, or sold by him or them. 63 C. J. p. 308. "Trade mark" has been defined in this State as follows:

Hon. Claude Isbell, page 3

> "A trade mark is a distinctive name, word,
> mark, emblem, design, symbol or device used in
> lawful commerce to indicate or authenticate the
> source from which has come or through which has
> passed, the chattel upon or to which it is
> affixed." (Weston Groc. Co. vs. Caffarelli Bros.,
> 108 S. W. 413, reversed on other grounds, 127
> S. W. 1018)

In an early case styled Charles Alff and Co. vs. William
Radam, 77 Tex. 530, decided in June, 1890, the Supreme Court of
Texas expressly recognized that what constitutes a "trade mark"
is a question of law for the courts. It would therefore appear
that with the enactment of the registration statutes, the Legis-
lature was not attempting to afford protection to other than what
could reasonably be identified and recorded as a "trade mark" by
such common descriptive terms as label, design, device, imprint
or form of advertising.

It is apparent from the request that your refusal of the
application was based solely upon the form or make-up of the
"toy design" as presented for filing with the application.

There appears to be ample authority to the effect that
the substance or any useful part or feature of the article itself
cannot be appropriated as a trade mark. The leading case of
Goodyear Tire and Rubber Co. vs. Robertson, 18 Fed. 2d 639, and
cases cited therein supports the above proposition. We quote
from the Robertson case on page 641, as follows:

> "But the chattel itself is not and cannot be
> the trademark. Moreover, while a mark otherwise
> good may be so fabricated with the goods as to be
> an integral part therewith, yet, if it forms a
> useful or functional part of the whole, it is not
> a valid trade mark and may not be registered.
> Otherwise the owner would secure not merely the
> exclusive right to use the mark, but also the
> exclusive right to make the article itself, and
> would thus secure a perpetual monopoly irres-
> pective of patentability."

It stands to reason that if an article or chattel itself,
which, as to its physical structure or make-up, cannot be a valid
trade mark or appropriated as such, same would be outside the scope of
the above registration statute. The very import of the act of regis-
tration, the chief concern of this statute, refutes any idea of
the Secretary of State being a depository of such articles or
chattels rather than a registrar, namely, one who records or an
official recorder.

Hon. Claude Isbell, page 4

Answering your first question, it is the opinion of this department that the Secretary of State is not required to accept for registration as a "trade mark" under Article 851, R. C. S., the "toy design" in the form submitted.

As to your second question, we consider same a premature one of administration, not properly before this department.

We are returning herewith the "toy design" as requested.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:LJ
encl.

APPROVED SEPT 28 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN